Filed 4/27/21  P. v. Gutierrez CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C092128 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF201612) |
| v. | |
| JOSE LUIS GUTIERREZ, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Jose Luis Gutierrez, Jr., has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has found errors in the court's imposition of fines, fees, and assessments that we will direct the trial court to correct; we otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2020, the prosecution charged defendant with driving under the influence of alcohol (DUI) within 10 years of three or more DUI convictions; driving with a blood-

1

alcohol content of 0.08 percent or above within 10 years of three or more DUI convictions; driving under the influence of alcohol within 10 years of a prior DUI conviction; driving with a blood-alcohol content of .08 percent or above within 10 years of a prior DUI conviction; driving with a suspended or revoked license; and operating a vehicle without an ignition interlock device. As to the first four counts, the prosecution alleged defendant had a blood-alcohol content of 0.15 percent or more. The prosecution also alleged defendant had prior convictions in 2019, 2017, and 2011 for DUI as to the first two counts and a prior conviction in 2019 for DUI as to the third and fourth counts.

Defendant pled no contest to the driving with a blood-alcohol content of 0.08 percent or above within 10 years of three or more DUI convictions count, and admitted the excessive blood-alcohol content enhancement. The parties stipulated to a factual basis for the plea, saying defendant had been driving under the influence with a blood-alcohol content of 0.23 percent and had four prior DUI convictions, three of which had occurred in the last 10 years. The remaining counts were dismissed.

At the sentencing hearing, the trial court imposed a two-year split sentence, with 364 days to be served in custody or alternative custody and 366 days to be served on mandatory supervision. The court did not orally impose any fines or fees, but stated it would stay "all fines and fees in this case" to give defendant "some breathing space." The abstract of judgment reflects the imposition of a $300 restitution fine, a $40 court operations assessment, and a $30 conviction assessment. The minute order for the hearing does not reflect any fines or fees, but notes the fines and fees were stayed, while a county prison minute order indicates a $300 restitution fine and $300 probation revocation fine. The mandatory supervision order imposes a $300 restitution fine, a $300 mandatory supervision revocation restitution fine, a $30 processing fee, a DUI fine of $700, $2,100 in penalty assessments on the DUI fine, an unspecified $35 processing fee on that fine, an unspecified $50 alcohol education fee, a $50 laboratory analysis fee, a $50 alcoholism program fee, a $50 alcohol abuse education and prevention fund fee, a

2

$10 recordkeeping fee, a $4 medical air transport fund fee, a $30 criminal conviction assessment, and a $40 court operations assessment.

Defendant filed a notice of appeal stating the appeal was based on the sentence or matters that do not affect the validity of the appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Based on our review of the record, it appears the trial court intended to impose a variety of fines, fees, and assessments, but failed to do so in its oral pronouncement. The oral imposition of sentence constitutes the judgment in an action, and the minutes and abstract of judgment cannot add anything substantive to the oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385, 387-389.) The oral pronouncement controls if there is a discrepancy, and the court clerk lacks the authority to add fines or fees not imposed by the trial court. (*Zackery*, at pp. 385-390.) For example, the court was required to impose a restitution fine under Penal Code[1] section 1202.4, along with an identical mandatory supervision revocation restitution fine under section 1202.45, a $30 criminal conviction assessment under Government Code section 70373, and a $40 court operations assessment under section 1465.8. (*People v. Woods* (2010) 191 Cal.App.4th 269, 272.) The abstract of judgment and minute orders list some, but not all, of these fines and assessments, and the

---

[1]     Undesignated statutory references are to the Penal Code.

3

oral pronouncement does not mention any of them. And, "[t]here is no statutory authority which allows the facilities assessment, restitution fine and [conviction assessment] to be *stayed*." (*Ibid.*)

While the mandatory supervision order does list these mandatory fines and assessments, it also imposed several other fees for which it failed to note the statutory basis for amounts imposed, identified a statutory basis that did not support the fee imposed, and/or included amounts that should have been separately imposed.[2] (*People v. High* (2004) 119 Cal.App.4th 1192, 1200; see *People v. Sharret* (2011) 191 Cal.App.4th 859, 864.) For example, the court imposed an unspecified $50 "Alcohol Education fee," for which we cannot discern the statutory basis.

The court also imposed a separate $50 "Alcoholism Program fee," citing section 1463.16. This section specifies that the first $50 collected from any fine imposed for a violation of Vehicle Code section 23152 shall go to the county treasurer. (§ 1463.16.) It is not an independent basis for a fee and should not have been separately assessed. Nor is the $50 "Alcohol Abuse Education and Prevention Fund" fee authorized by section 1463.25. To the extent the court wished to impose "an alcohol abuse education and prevention penalty assessment" under Vehicle Code section 23645, subdivision (a), the court must amend its order.

The trial court failed to articulate the statutory basis for the $35 processing fee imposed on the $700 DUI fine. If the court intended to impose a processing fee under section 1205, subdivision (e), the fee would be limited to $30 unless defendant was ordered to pay in installments. (*People v. Soto* (2016) 245 Cal.App.4th 1219, 1231-1233.) Finally, the $4 "Medical Air Transport fund" fee cites Government Code

---

[2]    We note, however, that although the mandatory supervision order imposed a mandatory supervision revocation restitution fine, it did not suspend the fine pending revocation of mandatory supervision, as required by section 1202.45, subdivision (c).

4

section 76000.16, which does not exist.  The correct statute is Government Code section 76000.10.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The matter is remanded so the court may impose fines, fees, and assessments and correct the mandatory supervision order, consistent with this opinion.  The court shall correct and amend other associated orders and documents so that they correctly reflect defendant's fines, fees, and assessments, and deliver certified copies to the appropriate authorities.  The judgment is otherwise affirmed.

/s/\
Robie, Acting P. J.

We concur:

/s/\
Hoch, J.

/s/\
Renner, J.